**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

MARK GASPER,

                    Petitioner,    :      Case No. 1:25-cv-00731

    - vs -                       District Judge Jeffery P. Hopkins
                                     Magistrate Judge Michael R. Merz

WARDEN,
 Madison Correctional Institution,

                                       :
             Respondent.

---

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Mark Gasper to obtain relief from his

conviction for rape in the Hamilton County Court of Common Pleas, is before the Court on

Petitioner's Motion for a Stay of these proceedings pending exhaustion of claims in the Ohio courts

(ECF No. 19).

**Litigation History**

On November 21, 2019, the Hamilton County Grand Jury returned an indictment charging

Gasper with seven counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(c)(State

Court Record, ECF No. 11, Ex. 1). A trial jury found Gasper guilty on Count One, but otherwise

not guilty (Verdict, State Court Record, ECF No. 11, Ex. 13). The trial court sentenced Gasper to

eleven years imprisonment on Count One. *Id.* at Ex. 18.

1

Through new counsel, Gasper appealed to the Ohio First District Court of Appeals, raising the following five assignments of error:

1. The trial court erred in failing to suppress the trial testimony of the State's expert witness.

2. The State of Ohio failed to introduce sufficient evidence to sustain a conviction in violation of Appellant's right to Due Process of Law as guaranteed by Article I, Section 10 of the Ohio Constitution and Fourteenth Amendment to the United States Constitution.

3. The conviction for Rape under R.C. 2907.02(A)(1)(c) is contrary to the manifest weight of the evidence.

4. The trial court committed plain error by admitting evidence that violated Evid.R. 404.(B).

5. The trial court erred in overruling Appellant's Motion for New Trial.

(Appellant's Brief, State Court Record, ECF No. 11, Ex. 20, PageID 164-65).  The First District affirmed.  *State v. Gasper,* 2023-Ohio-1500 (Ohio App. 1st Dist. May 5, 2023).

Gasper appealed to the Ohio Supreme Court, pleading as his sole proposition of law that "In a prosecution for rape under R.C. 2907.02(A)(1)(c), the definition of substantial impairment in *State v. Zeh*, 31 Ohio St.3d 99, 209 N.E.2d 414 (1987), does not apply to an impairment from a permanent mental condition." (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11, Ex. 25, PageID 277).  The Ohio Supreme Court accepted jurisdiction but affirmed.  *State v. Gasper*, 176 Ohio St.3d 563 (Oct. 8, 2024).

Gasper filed his Petition in this Court by depositing it in the prison mailing system on October 3, 2025.  He pleads the following grounds for relief:

2

**Ground One:** The State of Ohio erred by failing to suppress Nestheide's testimony involving the GSKQ.

**Supporting Facts:** Petitioner, Gasper argued in his first assignment of error that the GSKQ is not an objectively verifiable measure of sexual knowledge for purposes of assessing a person's capacity to consent, that it is not generally accepted testimony in the psychological field and therefore, Nestheide's report and testimony involving the GSKQ was inadmissible. The State ultimately decided, after some hard faught [sic] search for supporting case law, that there is no single generally-accepted test that is better than another.  Nestheide also offered that a 2017 scientific paper identified the GSKQ as a commonly-used tool to assess. sexual knowledge. Nestheide used multiple tests to conclude that K.W. was unable to consent. Moreover, Nestheide interviewed K. W. and evaluated her personally to conclude that she was unable to consent. Additionally, Gasper was able cross-examine [sic] Nestheide about the GSKQ. The States decision creates a pure question of law that resulted in a decision that was contrary to, or a mixed question of law and facts that involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States under 28 USCS 2254 (d)(l).

**Ground Two:** The State of Ohio erred convicting Gasper based on insufficient evidence of a substantial impairment.

**Supporting Facts:** Petitioner asserts that the evidence was insufficient to convict him because the state failed to prove both that K.W.'s ability to consent was substantially impaired by her medication or low I.Q. and that Gasper had knowledge of any impairment.  The State subsequently found that although substantial impairment may be established through expert testimony, it is not required. Substantial impairment also may be established through lay testimony. Id. K.W.'s I.Q. was 66 in 2003 and 76 by 2019. Dreyer and Nestheide agree that K.W. has borderline intellectual functioning. Additionally, K.W., who was in her 30s, had never lived independently. Her "constellation of physical conditions" required regular support.  K.W. received services through DDS at least until the age of majority and became eligible for DDS services again in August 2019. K.W. testified that her DDS services should never have been discontinued. And the Mayerson Center does not evaluate normally functioning adults.  Even through Petitioners expert testifying that K.W. could consent to sex, Nestheide testified that she could not. This case truly was a battle of the experts But when the court viewed it in a light most favorable to the prosecution, testimony that a victim had a learning disability satisfied the "mental

3

condition" component of Ohio's Law.  The States decision creates a mixed question of law and facts that involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States under 28 USCS 2254 (d)(l).

**GROUND THREE:** The State of Ohio erred by admitting other-acts that was [sic] prejudicial in swaying the jury against him.

**Supporting Facts:** Petitioner argues that the other-acts evidence in which K. W. asserted that Gasper had killed her dog, Candy, should have been excluded because it was not relevant to whether K.W. had the ability to consent or resist due to a substantial mental impairment. He further argues that this evidence was prejudicial in swaying the jury against him.  The State determined that the accusation that Gasper killed K.W.'s dog was intrinsic to the offense. K.W. testified that she believed Gasper had killed Candy so that K.W. would move to Tennessee with him and because Candy barked at Gasper when he was in K.W.'s bed, which was in her parents' home. The testimony did not involve acts extrinsic to the offenses for which Gasper was accused. Instead, they involved an act that, if it occurred, would have helped facilitate Gasper's engaging in sex with K.W.

The States decision creates a mixed question of law and facts that involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States under 28 USCS 2254 (d)(l) or it involved a question of pure fact which resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, 28 USCS 2254 (d)(2).

**GROUND FOUR**: The State Of Ohio Denied Petitioner His 5th Amendment To The United States Constitution, Right To A Fair Trial, Present A Complete Defense And Due Process As Has Been Held In The 14th Amendment To The United States Constitution When It Denied His Motion For New Trial Due To The Misrepresentation To The Jury Concerning The Use Of Regularly Prescribed Medicine.

**Supporting Facts:** Petitioner argued to the Supreme Court of Ohio that the standard jury instruction on substantial impairment is flawed because it implies that the term can relate only to a temporary condition and that the use of that instruction in this case opened the door for Gasper to be improperly convicted based on evidence of K.W.'s having taken her usual, prescribed medication, which was contrary to the State's original theory of the case.

4

> The Ohio Supreme Court found first clarified that the impairment must exist at the time of the events in question. Gasper failed to identify any decision or other source (outside of his own argument) indicating that the language caused confusion for anyone in the 37 years since that decision was announced. Furthermore, Gasper failed to object at trial to the jury instruction that he now challenges and has not established that he suffered any prejudice from the trial court's jury instruction that affected his substantial right. Thus petitioner could not demonstrate plain error.
>
> The states judgement creates a pure question of law that resulted in a decision that was contrary to United States Supreme Court Law. Even more, there may also be a mixed question of law and facts that resulted in its decision being an unreasonable application. If this is the case then AEDPA Deference does not apply because the state arrived at a factual conclusion based upon an incomplete or incorrect set of facts.

(Petition, ECF No. 1, PageID 5-12.)

In the Return of Writ, Respondent asserts Grounds One, Three, and Four are not cognizable in habeas corpus because they do not state claims arising under the United States Constitution (Return, ECF No. 12, PageID 2341). Respondent further asserts that all four of Petitioner's Grounds for Relief are barred by procedural default in failing to present them to the Ohio Supreme Court for its discretionary review. *Id.* at PageID 2350.

In the Order for Answer, the Court set a deadline for Petitioner to file a reply to the Return of Writ and in support of his Petition: twenty-one days after the Return was filed (Order, ECF No. 3, PageID 22-23). When the Return was filed, the Court reminded Petitioner and calculated the reply date as February 16, 2026 (Order, ECF No. 13). On February 9, 2026, Petitioner sought and received an extension of the reply date to March 9, 2026 (ECF No. 16). On March 4, 2026, Petitioner sought a second extension of the reply date (ECF No. 17) which the Court denied without prejudice because it was not signed as required by Fed.R.Civ.P. 11 (ECF No. 18). Instead of signing and re-filing his request for a second reply date extension, Petitioner filed the instant

5

Motion for Stay and Abeyance (ECF No. 19).

**Motion to Stay and Hold in Abeyance**

Petitioner seeks a stay of these proceedings to permit him to exhaust state court remedies on Grounds One and Three (Motion, ECF No. 19, PageID 4662).  In the alternative, he moves to amend the Petition to assert only Grounds Two and Four.  *Id.*

Before bringing a claim in habeas corpus under 28 U.S.C. § 2254 a petitioner must first present that claim to the state courts for one complete round of ordinary appellate review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999); see also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").  If a habeas petitioner presents a claim on which he still has an available state court remedy, that claim is said to be "unexhausted".  If on the other hand, a petitioner makes a claim which he did not present for a full round of state review and there is no state remedy available, the claim is said to be "procedurally defaulted."

When there are unexhausted claims, it can be appropriate for the habeas court to stay its proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005), to allow a petitioner to exhaust without risking the bar of the statute of limitations.

However, the Respondent does not assert any of Petitioner's claims are unexhausted, but rather that they are procedurally defaulted.  Petitioner himself does not suggest any possible remaining state court remedy for any of his claims and he has not filed any new state court proceedings, so far as this Court is advised, since the Ohio Supreme Court affirmed his conviction October 8, 2024.

In correspondence with the Ohio State Public Defender's Office[1], Petitioner learned of the possibility of filing a delayed application to reopen his direct appeal under Ohio R. App. P. 26(B). Rule 26(B) provides the sole remedy in Ohio law for ineffective assistance of appellate counsel. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  That rule requires that an application be filed within ninety days of judgment or August 3, 2023, in this case, more than two and one-half years ago.  In this Court's experience, the First District Court of Appeals is unlikely to excuse that much delay. Moreover the Public Defender was not optimistic on the merits.

Because Petitioner has not shown that there are any unexhausted state court remedies for any of his claims, the Motion to Stay is DENIED.

**MERITS**

Petitioner has now missed the extended deadline for filing a reply, has not sought a deadline beyond the one proposed in his unsigned motion, and has not filed a reply.  The Magistrate Judge will accordingly proceed to consider the merits of the case on the basis of the present record without further delay.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

---

[1] Attached to the Motion.  Considering this correspondence is not prohibited by *Cullen v. Pinholster,* 563 U.S. 170 (2011), since it does not go to the merits of Petitioner's claims, but to the issue of procedural default.

7

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

As Respondent notes in the Return, none of Gasper's four grounds for relief was presented

8

to the Ohio Supreme Court in Petitioner's appeal to that Court. In his Motion for Stay and Abeyance, he appears to blame that on omissions by his appellate attorney. But ineffective assistance of appellate counsel can only act as excusing cause for a procedural default when it occurs in a proceeding in which a litigant is entitled to appointed counsel. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Because Petitioner's Grounds for Relief were not presented to the Ohio Supreme Court on direct appeal, they are procedurally defaulted. Petitioner has not offered excusing cause and prejudice. Therefore the Petition must be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

March 16, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #